[counsel for the Parties are identified
on the signature pages of this document]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 96-0122-N-EJL |
| Plaintiff, | ) | No. 91-0342-N-EJL |
| | ) | No. 94-0206-N-HLR |
| v. | ) | |
| | ) | |
| HECLA LIMITED, a Delaware Corporation, | ) | PROTECTIVE ORDER REGARDING |
| | ) | CONFIDENTIAL INFORMATION |
| Defendant, | ) | DISCLOSED FOR THE PURPOSE OF |
| | ) | IMPLEMENTING PROTOCOL |
| | ) | |
| and CONSOLIDATED CASES. | ) | |
| | ) | |
| | ) | |

It is hereby ordered that this Protective Order Regarding Confidential Business Information Disclosed for the Purpose of Implementing the Protocol in Appendix B to the Consent Decree ("Protective Order") entered into by the United States, the Coeur d'Alene Tribe (the "Tribe"), the State of Idaho (the "State"), and Hecla Limited, Hecla Mining Company, Hecla Silver Valley, Inc., Silver Hunter Mining Company and HLT, Inc. (collectively the "Settling Companies") (Dkt. No. ) shall govern the disclosure of certain documents, as described herein in Paragraph 6, by the Settling Companies and their respective successors, subsidiaries, affiliates and assigns to the other Parties to this Protective Order, as defined herein at Paragraph 2, in furtherance of the purposes of the Protocol in Appendix B to the Consent Decree, after the

1

effective date thereof. This Protective Order does not apply to any other information provided pursuant to the Consent Decree or on any other basis by the Settling Companies to any other Party.

1. In order to facilitate the implementation of the Protocol in Appendix B to the Consent Decree, the Parties to this Protective Order require the disclosure of Confidential Business Information, as defined herein at Paragraph 3, in the possession of the Settling Companies that they consider protected from disclosure under statute, regulation, policy, or other source of law. This Protective Order is intended to facilitate the Settling Companies' disclosure of any such Confidential Business Information to the Parties without violating any provision of law that would otherwise require nondisclosure, by precluding disclosure beyond the Parties to this Protective Order and without utilizing a redaction process.

2. Parties shall include, and this Protective Order shall be binding upon, the United States, the Tribe, the State, the Settling Companies, and their respective corporate parents, subsidiaries, agencies and affiliates and their respective attorneys, agents, representatives, officers, contractors, consultants, experts, and employees, to whom it is necessary to disclose Confidential Business Information for the purposes of implementing the Protocol in Appendix B to the Consent Decree.

3. The Settling Companies shall clearly designate (in accordance with Paragraph 5, below) as "Confidential Business Information," and therefore information exempt from disclosure (or subject to restrictions on disclosure under the Federal Rules of Civil Procedure, or any statute, regulation or other source of law): (i) any documents or other materials, either in electronic or paper format, which the Settling Companies, in good faith, believe is entitled to protection as trade secrets, confidential business information, geological and geophysical

information and data; or (ii) other information concerning proprietary commercial activity, financial information, or personnel information. The Parties recognize that all such information designated as Confidential Business Information pursuant to paragraph 6 is sensitive and, if used in a manner inconsistent with the terms of this Protective Order, could cause material competitive disadvantage or similar business injury to the Settling Companies.

4. The Settling Companies claim that the Confidential Business Information is protected from disclosure pursuant to 5 U.S.C. § 552(b); 40 C.F.R. Part 2; 28 C.F.R. Part 16, Subpart A, The Idaho Public Records Act, Idaho Code §§ 9-337-9-350 *et seq.*, and all other applicable regulations, due to its confidential nature. Except as required by law, including but not limited to the Freedom of Information Act, 5 U.S.C. § 552, and the Idaho Public Records Act, the Parties agree to keep the Confidential Business Information confidential and shall not disclose the Confidential Business Information.

5. Confidential Business Information shall be designated by the Settling Companies by placing or affixing thereto a Confidential Business Information notice on the first page of the document and each subsequent page thereof. If images of documents are produced on CD-ROM or other electronic format, the Confidential Business Information notice shall be placed upon the compact disc itself and "burned" on the CD-ROM, or otherwise incorporated into the designated document(s) so that such notice shall appear on any printed copy. Any Confidential Business Information designation that is inadvertently omitted may be corrected by the Settling Companies by written notification to counsel for all receiving Parties, and all receiving Parties shall treat the materials as Confidential Business Information from that time forward.

6. Documents developed under Section 6 of the Protocol (Active Mining Operations) in Appendix B to the Consent Decree ("Protocol") and documents demonstrating

compliance with Section 6 of that Protocol are not Confidential Business Information. Documents developed and information shared under Section 4 of the Protocol (Annual Meeting) related to the Settling Companies' exploration activities and under Section 5 of the Protocol (Exploration Operations) may be designated by Settling Companies as Confidential Business Information. In utilizing Confidential Business Information related to Settling Companies' exploration activities covered by the Protocol, the other parties agree not to disclose the name of any Settling Company involved in the exploration-related activity or that the disturbance in question was mining related, except that such information may be utilized in dispute resolution or enforcement actions as provided in Paragraph 12 of this Order, Section 7 of the Protocol, or the Consent Decree. In the context of dispute resolution or enforcement actions referenced in the preceding sentence, Settling Companies may seek to protect information as confidential where such protection is otherwise available under applicable law.

7. Each receiving Party will take appropriate measures to safeguard Confidential Business Information produced to it and to prevent its disclosure to persons other than "Parties," except as required by law or court order. If Confidential Business Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Settling Companies of all pertinent facts relating to such disclosure and shall make every reasonable effort to both retrieve the information and prevent further disclosure by persons not authorized to receive that information.

8. Following entry of the Consent Decree, and unless otherwise ordered or agreed in writing by the Settling Companies, within ninety (90) calendar days after receipt of a written request from the Settling Companies, the United States, Tribe, and the State must return or

provide written certification of destruction to the Settling Companies of all Confidential Business Information provided under this Protective Order, except that the United States shall retain Confidential Business Information as may be necessary to comply with applicable law (including, but not limited to, the Federal Records Act and the Freedom of Information Act, 5 U.S.C. § 552) or as may be necessary to implement the Protocol. On each twenty-four (24) month anniversary of the entry of the Consent Decree, the Settling Companies may request written certification that the United States' retention of all Confidential Business Information provided under this Protective Order after any request for the return or certification of destruction of such information, continues to be necessary to comply with applicable law or is necessary to implement the Protocol. In the event that it is no longer necessary for the United States to retain any such Confidential Business Information, the United States, within ninety (90) calendar days after receipt of a written request from the Settling Companies, shall return or provide written certification of destruction of all such Confidential Business Information. The Confidential Business Information designation shall expire eight (8) years after the submittal of that information unless Settling Companies renew that designation in writing.

9. Confidential Business Information shall not be rendered inadmissible or nondiscoverable solely because of the Settling Companies' disclosure of it to the other Parties. Nothing in this Protective Order shall be construed to preclude the Parties from using the retained Confidential Business Information in any litigation or proceeding where otherwise permitted under applicable law, subject to Paragraph 15 hereof. This Protective Order shall not be construed to prohibit the disclosure of communications, documents, or other materials already lawfully in the public domain, or communications, documents, or other materials made, created, or not related to the Parties' implementation of the Protocol in Appendix B to the Consent

Decree. No Party or representative of a Party shall be deemed disqualified from participating in this or any other proceeding by virtue of having received Confidential Business Information.

10. In the event that a Party concludes in good faith that applicable law, a subpoena or other lawful process, or a court order requires disclosure of Confidential Business Information to a third party, such Party shall provide, as far as is practicable, advance written notice to the other Parties of the intent to disclose, including a description of the applicable law or a copy of the subpoena, process, or order requiring disclosure. A Party shall not disclose any Confidential Business Information sooner than twenty (20) days following provision of such written notice, unless required by law or order of a court.

11. Nothing contained in this Protective Order shall preclude the Settling Companies from using its own Confidential Business Information as it sees fit, without prior consent of any Party or the Court. Disclosure of Confidential Business Information pursuant to this Protective Order shall not result in a waiver of any claims of confidentiality.

12. Nothing in this Protective Order shall be construed to prejudice or limit the right of the United States, the Tribe and the State to take any action, pursuant to statute or rule, to enforce any federal, tribal, or State laws or to protect public health, safety, or welfare; and to protect the environment.

13. Nothing in this Protective Order shall be construed to prejudice or limit the Settling Companies' remedies for a breach of this Protective Order.

14. Any Party to this Protective Order may at any time seek modification of this Protective Order by agreement of all Parties or, failing agreement, by motion to the Court.

15. This Protective Order shall continue in full force and effect so long as the Consent Decree remains effective.

16. The undersigned counsel has authority to execute this Protective Order on behalf of their respective clients.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

s/ Michael J. Zevenbergen
MICHAEL J. ZEVENBERGEN, Senior Counsel
Environmental Enforcement Section
c/o NOAA Damage Assessment
7600 Sand Point Way, NE
Seattle, Washington 98115
Telephone: (206) 526-6607
Facsimile: (206) 526-6665
Email: michael.zevenbergen@usdoj.gov

DAVID ASKMAN, Senior Counsel
Environmental Enforcement Section
MARK NITCZYNSKI, Senior Counsel
ROBERT FOSTER, Senior Counsel
Environmental Defense Section
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1381

PAT CASEY, Senior Counsel
DAVID DAIN, Senior Attorney
KATHRYN C. MACDONALD, Senior Attorney
ROBERT E. MAHER, JR., Assistant Chief
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20004
(202) 353-7397

NICHOLAS J. WOYCHICK
U.S. Attorney's Office
800 Park Blvd., Suite 600
Boise, Idaho 83712
(208) 334-1211
(208) 334-1414 (fax)

Attorneys for Plaintiff United States

HOWARD FUNKE & ASSOC., P.C.

By: _____/s/ consent_____
HOWARD A. FUNKE, Of the Firm
Attorneys for Plaintiff, Coeur d'Alene Tribe

By: _____/s/ consent_____
KINZO H. MIHARA, Of the Firm

Attorneys for Plaintiff, Coeur d'Alene Tribe




By: _____/s/ consent_____
DARRELL G. EARLY
Deputy Attorney General
Office of the Idaho Attorney General
Environmental Quality Section
1410 N. Hilton
Boise, ID 83706

Attorney for Plaintiff, State of Idaho


By: _____/s/ consent_____
ELIZABETH H. TEMKIN
TEMKIN WIELGA & HARDT LLP
1900 WAZEE STREET, SUITE 303
Denver, Colorado 80202
(303) 382-2900

Attorney for Settling Companies

SO ORDERED.

DATED: **September 8, 2011**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge